Case 1:21-cr-00319-JMS-MG   Document 156   Filed 04/18/24   Page 1 of 4 PageID #: 1006

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>CURTIS WILLIAMS<br><br>Date of Original Judgment: 08/17/2022<br>Date of Previous Amended Judgment: _____<br>*(Use Date of Last Amended Judgment if Any)* | Case No: 1:21-cr-00319-JMS-MG-02<br>USM No: 75416-509<br><br>Maxwell Bryant Wiley (prior)<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 04/18/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cr-00319-JMS-MG |
| ) | |
| ) | |
| CURTIS WILLIAMS ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Curtis Williams has filed a Motion to Reduce Sentence based on USSC Amendment 821.[146].[1] Mr. Williams was convicted of conspiracy to possess with intent to distribute 400 grams or more of fentanyl and possession with the intent to distribute 40 grams or more of fentanyl. [121]. He received a sentence of 70 months. [Id]. He seeks a relief under Amendment 821, "seeking a 2 point reduction due to falling within the acceptable criteria." [153]. The Government has filed a Response in Opposition in which it asserts that Mr. Carruthers is ineligible for any reduction because he does not meet all the criteria for relief: he possessed a firearm in connection with the offense and death resulted from his offense. [155].

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. See *Dillon v. United States*, 560

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Williams. [147]. Counsel was later granted leave to withdraw. [151]. Mr. Williams was afforded an opportunity to supplement his petition following the withdrawal, which he did.[153].

U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

Beginning and ending with the step one analysis under *Dillon*, the Court agrees with the United States that Mr. Williams is ineligible for resentencing. In Part B to Amendment 821, the Sentencing Commission added what now appears in U.S.S.G. § 4C1.1(a), providing a two-offense level reduction for many offenders who have zero criminal history points (subject to several exceptions). In pertinent part, the adjustment applies if "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1). It is true that Mr. Williams did not receive any criminal history points. [102 at ¶29]. That is not the end of the inquiry, however.

In order to be eligible for a two-offense level reduction Mr. Williams must meet all of the criteria of § 4C1.1, but he does not. In order to qualify under§ 4C1.1 Mr. Williams must show that he "did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm . . . in connection with the offense." U.S.S.G. § 4C1.1(a)(7). But Williams possessed four firearms in connection with the offense. [102 ¶ 18.] He is therefore ineligible under Amendment 821.

In addition, another criterion for reduction eligibility is that "the offense did not result in death." U.S.S.G. § 4C1.1(a)(4). But, as a result of Williams's drug dealing, at least two overdose deaths resulted. [122 at 1]. For this reason also, Mr. Williams is ineligible under Amendment 821. The Court therefore does not proceed to step two under *Dillon*.

For the foregoing reasons, Mr. Williams Motion to Reduce Sentence [153] is **DENIED.**

IT IS SO ORDERED.

Date: 4/18/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

By U.S. Mail to:
Curtis Williams
#75416-509
FCI Morgantown
P.O. Box 1000
Morgantown, WV 26507